RALINGER v. BOSNAK.

1. EQUITY—CONTRACTS—CONSIDERATION—CONVEYANCES.
   In suit to have a certain writing signed by plaintiff's sisters who had no interest in property of which plaintiff's stepmother died seized and the stepmother's sole heirs declared a conveyance of the home in consideration of his having fulfilled an alleged agreement with plaintiff's father and stepmother to care for them during their remaining years, where alleged agreement was not established, it could not constitute consideration, hence there was no right to equitable relief.

2. DEEDS—CONSIDERATION—INTENT—EVIDENCE.
   Trial court *held*, in error in giving a writing the force and effect of a quitclaim deed where there was no consideration found therefor and evidence does not disclose an intent on the part of defendant signers thereof to pass title by the writing to plaintiff.

Appeal from Wayne; George (Fred W.), J., presiding. Submitted October 31, 1941. (Docket No.

100, Calendar No. 41,773.)   Decided January 5, 1942.

Bill by Russell Ralinger against Barbara Bosnak and another to have an instrument recognized as a conveyance of interests in land. Decree for plaintiff. Defendant appeals. Reversed and bill dismissed.

*Larry Middleton,* for plaintiff.

*Richard S. Weber,* for defendant.

WIEST, J.   Plaintiff's father and stepmother were married in May, 1921, and lived in a home they owned jointly in the city of Wyandotte. The father died in December, 1936, and the stepmother, as owner, continued to occupy the home until her death, September 8, 1938. Defendants are her sole heirs at law. Plaintiff was administrator of the estate and the home was inventoried as a part of the estate. August 4, 1939, plaintiff filed the original bill herein alleging that his father and stepmother agreed with him that, if he remained home and assisted them in its maintenance and attended to their wants, they would transfer to him the home, and that he had fully performed his part of the agreement; that at the time of the funeral of their mother defendants signed the following writing:

"Wyandotte, Mich.,
"Sept. 12, 1938.

"To whom this may concern:

"The undersigned have agreed to transfer and waive all rights to the following property, the description of same, being a frame building consisting of 5 rooms and bath and situated at 4145 Seventh St., in the city of Wyandotte, county of Wayne.

"The deed and title of the above property being in the name of Frank Ralinger, deceased Dec. 10, 1936, living heirs being his true wife who has also passed away Sept. 8, 1938.

"Therefore we agree that said property be titled to Russell Ralinger. All insurance and cash moneys to be divided equally among the (5) five remaining daughters, after all outstanding bills to date and marker have been paid for.

"There also being a 1932-B-4 Model Ford automobile, the title being in the name of the deceased Theresa Ralinger to be changed to Russell Ralinger.

"This agreement to cover furniture with said property. Michael Ralinger to share in the above property at the age of 21 to be half owner.

| "Witness | Heirs |
|----------|-------|
| Anna Wroblewski,<br>Barbara Geiner, | Mrs. Barbara Bosnak,<br>Catherine Vukovic,<br>Catherine Serrtoner,<br>Elizabeth Radocaj,<br>Marie Wendell." |

The bill asked specific performance of the alleged agreement by the estate of the stepmother, and that plaintiff should have the property.

Subsequently, by stipulation, the bill was amended and the estate dismissed as a party defendant.

The amended bill again set up the alleged agreement between the plaintiff and his father and stepmother, and:

"That the defendants, Barbara Bosnak and Catherine Vukovic are the daughters and sole heirs at law of Theresa Ralinger, deceased, and as such entitled to share in her estate; that they had full knowledge as to the services rendered to their mother by this plaintiff and as to her satisfaction therewith; that by reason of the same they were relieved of the duty of looking after her and administering to her wants and desires; that they had full knowledge of

the aforementioned agreement between Frank Ral-
inger and Theresa Ralinger, both deceased, and this
plaintiff concerning the services to be rendered by
said plaintiff to the deceased, respectively, and con-
cerning the transfer of the property hereinbefore
mentioned to this plaintiff, and particularly that
they had full knowledge that this plaintiff fully per-
formed his undertaking with the said Frank Ralin-
ger and Theresa Ralinger, deceased, respectively,
and attended to their wants in sickness and in health
and looked after their interests during their re-
spective lifetimes.

"That in consideration of the services rendered
their parents as aforesaid and in recognition of
said agreement made by the deceased, said defend-
ants Barbara Bosnak and Catherine Vukovic did on
or about the 12th day of September, A. D. 1938,
enter into an agreement with certain other persons
whereby all agreed to waive any interest which they
might have in or to said property commonly re-
ferred to as 4145 Seventh Street, Wyandotte, Michi-
gan, to this plaintiff, and did thereupon execute and
deliver to this plaintiff a certain article or convey-
ance in writing, a photostatic copy of which is at-
tached to the original bill of complaint filed in said
cause and marked Exhibit A, whereby they agreed
to transfer and waive all rights and interests to said
property which they might have to this plaintiff,
and further agreed that said property should be
titled in his name; that the consideration for such
agreement or conveyance was the performance of
his undertaking by the plaintiff in looking after the
said Frank Ralinger and Theresa Ralinger, both de-
ceased, during their lifetimes, and his attending to
their wants in sickness and in health, and his atten-
tion to their interests."

Plaintiff asked:

"That it be decreed that the consideration for the
said agreement and conveyance heretofore executed
by the defendants, Barbara Bosnak and Catherine
Vukovic, whereby they conveyed and transferred, or

agreed to convey and transfer their interest to said property to the plaintiff was his full performance of his undertaking and agreement with Frank Ralinger and Theresa Ralinger, both deceased.

"That this Honorable Court decree that the consideration for said agreement or conveyance executed by the said defendants, Barbara Bosnak and Catherine Vukovic, conveying and transferring their interest to said property to this plaintiff was adequate and actual, although not recited in said agreement or conveyance, and that the said plaintiff has fully performed his agreements in every particular."

Upon hearing, the court decreed the writing signed by defendants "is in fact and in law a valid conveyance of the defendants' interest in the property described therein, and that it may stand as a quitclaim deed or conveyance of such interests, and, it is further ordered, adjudged and decreed, that a certified copy of this decree may be recorded in the office of the register of deeds for the county of Wayne, in lieu thereof, and with the same force and effect."

Defendants, by answer, denied the purpose of the writing was to grant title to defendant and pleaded want of consideration.

The circuit judge held want of consideration was an affirmative defense and plaintiff did not have to show consideration.

In his brief counsel for plaintiff states:

"It was, and is, the theory of the plaintiff and appellee that the consideration or reason for the execution and delivery of the writing, Exhibit A, was his full performance of a verbal agreement with his deceased father and stepmother, under which he was to live with them and look after them during the remainder of their respective lives, and was in return to receive the property here in question. * * *

''That plaintiff and appellee failed to establish such parole contract between himself and his deceased father and stepmother to a degree which would have enabled him to obtain a decree for specific performance against either of their respective estates is, we think, of little consequence where the estate is no longer a party to the action (although it might have proved fatal in an action directed against the estate), for the one action would be predicated upon an executory contract, while the other, and instant one, is based upon an executed conveyance of real property.

"It must be remembered that the estate of Theresa Ralinger, deceased, while originally joined, was no longer a party defendant, and that this was an action to enforce the written instrument.''

Plaintiff does not seek specific performance of the alleged contract with his father and stepmother but a title from persons with whom he never had valid contract relations.

At the hearing plaintiff sought to prove the contract with his father and stepmother but the court found the alleged agreement was not established. Having alleged that agreement as consideration for the writing signed by defendants and failing to prove the same, want of consideration must be found. This claimed consideration, having been adjudged without merit, cannot constitute consideration for the writing. The writing under the disclosed circumstances cannot be held to serve as a quitclaim deed passing title from defendants to plaintiff. The agreement signed by defendants was also signed by three sisters of plaintiff who had no interest in the property. This agreement was signed at the time the parties were attending the funeral of Mrs. Ralinger and was brought about by the unfounded claim made by plaintiff that, under the agreement with his father and stepmother, he

was to own the property. There is no equity in the bill.

The evidence does not show an intent on the part of defendants to pass title by the writing to plaintiff, and the court was in error in giving it the force and effect of a quitclaim deed.

The decree in the circuit court is reversed, and a decree will be entered in this court dismissing the bill, with costs to defendants.

CHANDLER, C. J., and BOYLES, NORTH, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.